IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

FILED
U.S. DISTRICT COURT
2012 FEB -2 AM 10: 59
CLERK_____
SO. DIST. OF GA.

FRANKLIN LAMAR BACON,

    Plaintiff,

v.      CIVIL ACTION NO.: CV611-120

U.S. MARSHAL, Head Jailer, Emanuel
County Federal Jail Unit; Officer
MARTIE, U.S. Marshal; and
Ms. FAY, Jail Administrator,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently housed at Telfair State Prison in Helena, Georgia, filed a cause of action pursuant to 28 U.S.C. § 1331 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), contesting certain conditions of his confinement at the "Emanuel County Federal Jail Unit" in Swainsboro, Georgia. The undersigned informed Plaintiff that the claims he set forth in his Complaint appeared to be unrelated and directed Plaintiff to advise the Court as to which related claims he wished to pursue. Plaintiff responded to that Order and advised the Court that he does not wish to pursue his claims that the law library was inadequate and that the prison grievance procedure was not available. Thus, these claims should be **DISMISSED**, without prejudice.

A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by

AO 72A
(Rev. 8/82)

the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff contends that he was "extremely nervous" and "jittery", that he vomited from "time to time", and that his blood pressure was not stable. (Doc. No. 1, p. 5). Plaintiff asserts that he was given the wrong medication on several occasions, which caused him to vomit. Plaintiff names as Defendants: "U.S. Marshal, Head Jailer", "Officer Martie, U.S. Marshal", and "Ms. Fay, Jail Administrator". However, Plaintiff makes no factual allegations against the named Defendants.

A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). As Plaintiff has failed to make any factual allegations against Defendants, his Complaint should be dismissed. For this same reason, "Emanuel County Federal Jail Unit", which has been docketed as a named Defendant should be dismissed.

In addition, it appears Plaintiff seeks to hold Defendants "U.S. Marshal, Head Jailer" and "Ms. Fay" liable based solely on their supervisory positions. "It is well established in this circuit that supervisory officials are not liable under Bivens for unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Gonzalez v. Reno, 325 F.3d 1228, 1234 (11th Cir. 2003). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. As Plaintiff has failed to make this basic showing, his claims against Defendants "U.S. Marshal, Head Jailer" and "Ms. Fay" should be dismissed.

Moreover, the Eighth Amendment's proscription against cruel and unusual punishment imposes a duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. This duty to safeguard embodies the principle expressed by the Court in Estelle v. Gamble, 429 U.S. 97 (1976), forbidding prison officials from demonstrating deliberate indifference to the serious medical needs of inmates. Id. at 104. However, an inmate must show that he has a serious medical need, which Plaintiff has failed to do.

Plaintiff also makes several vague assertions of negligence, which is a tort claim. The Federal Tort Claims Act ("FTCA") allows the United States to be sued in the same

AO 72A
(Rev. 8/82)

manner as a private individual. 28 U.S.C. § 2674. The purpose of the FTCA is to "'provide redress for ordinary torts recognized by state law.'" Stone v. United States, 373 F.3d 1129, 1130 (11th Cir. 2004) (quoting Ochran v. United States, 273 F.3d 1315, 1317 (11th Cir. 2001)). The FTCA is a limited waiver of sovereign immunity rendering the federal government liable to the same extent as a private party. United States v. Orleans, 425 U.S. 807, 813 (1976). The FTCA does not provide redress against employees of a federal agency. Plaintiff has failed to name the United States of America as a Defendant in this case, and thus, his potential negligence claims should be dismissed.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's claims regarding an inadequate law library and the unavailability of the grievance procedure be **DISMISSED**, without prejudice. It is also my **RECOMMENDATION** that Plaintiff's claims against Emanuel County Federal Jail Unit, U.S. Marshal, Head Jailer, Officer Martie, U.S. Marshal, and Ms. Fay, Jail Administrator, should be **DISMISSED**, with prejudice.

SO REPORTED and RECOMMENDED, this 2<u>7</u> day of February, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE